JAQUITH v. BENZIE CIRCUIT JUDGE.

1. APPEAL AND ERROR—PROBATE APPEAL—JURISDICTION.
   A probate appeal, in a case in which the probate court had no jurisdiction, confers no jurisdiction on the circuit court.

2. INSANE PERSONS—JUDGMENT—PROBATE COURT—REHEARING.
   After adjudging a person incompetent and appointing a guardian for him, the probate court has no jurisdiction to rehear the case on a petition in effect alleging the petitioner's competency and denying the necessity of a guardian, petitioner's remedy being by appeal from the order adjudging him incompetent.

Mandamus by Sampson P. Jaquith to compel Clyde C. Chittenden, circuit judge of Benzie county, to vacate an order dismissing an appeal. Submitted October 17, 1905. (Calendar No. 21,360.) Writ denied December 4, 1905.

*Louisell & Nevius,* for relator.

*John W. Wilson,* for respondent.

PER CURIAM. Relator was declared by the probate court of Benzie county, August 1, 1904, to be an incompetent person, and a guardian of his person and property was appointed. Afterwards, on April 17, 1905, he filed a petition in said court praying for the removal and discharge of said guardian, for the reason, among others given, that he was not mentally incompetent. Upon his petition an order of hearing was made, and a hearing had May 23, 1905; all parties interested appearing personally or by attorney. Upon this hearing the probate judge made an order denying the petition and determining that petitioner was an incompetent person. From this order and determination petitioner appealed, June 21, 1905, to the circuit court of Benzie county. Notice of this appeal was duly served on all interested parties as directed by

an order of said probate court. This appeal coming on to be heard August 24, 1905, in the circuit court, objection was made by the attorney for the appellees to the introduction of any evidence in the case, for the reason that the petition filed in probate court, upon which the hearing was had and the order appealed from made, gave that court no jurisdiction, and therefore the circuit court had no jurisdiction to hear the appeal. This objection was sustained, and the following order denying the appeal was entered:

"This matter came on to be heard in open court, and on motion of defendants' counsel the petition herein was denied, and plaintiff given 80 days in which to settle a bill of exceptions by filing a bond of $200 within 20 days, to be approved by the clerk of said court."

A motion was made to set aside said order and to reinstate and hear the said appeal, which was denied. Relator then applied to this court for a mandamus to compel the circuit judge to vacate said order, reinstate the appeal, and hear the same.

If the probate court had no jurisdiction to hear the petition and make the order appealed from, the circuit court would not acquire jurisdiction by reason of the appeal. No appeal was taken from the original order declaring relator incompetent and appointing the guardian of his person and property. The petition which the probate court heard and denied, and from which this appeal was taken, alleges the appointment of the guardian, and that he is proceeding in chancery to set aside a certain deed made by relator and is making him useless expense and greatly annoying him; that relator is mentally competent; that the guardian was appointed upon the theory that he was mentally incompetent; that he had no opportunity to be heard at the time said guardian was appointed; that there was no need for such appointment, and the same was a useless proceeding and contrary to his rights. He therefore prays that said guardian may be removed.

The clear meaning of the petition is that relator was at

the time the guardian was appointed, and continues to be, mentally competent; that the whole proceeding was a fraud upon the probate court and upon relator. There is no claim made that the probate court acted without jurisdiction. Relator claims that the probate judge intimated to him that no guardian would be appointed, and that he was not represented by counsel. The record before us shows that the guardian was appointed August 1, 1904; that relator learned the legal effect of this appointment December 23, 1904, and filed his petition to have the guardian removed April 17, 1905, all within the year provided by statute in which an appeal, on cause shown, to the circuit court might have been taken. By his petition to the probate court he in effect asked that court for a rehearing of the case and a reversal of the order made. This the probate court had no jurisdiction to do, although a hearing was in fact had, and relator was again adjudged incompetent. A review of the order first made could only be had on an appeal therefrom as provided by statute. The circuit judge was correct in refusing to hear the case for want of jurisdiction.

The writ is denied.